IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DERRICK JONES                                                                    PLAINTIFF

v.                              Case No.  4:14-cv-00083 KGB

KOHLER CO. PENSION PLAN                                                   DEFENDANT

**OPINION AND ORDER**

Plaintiff Derrick Jones brings this action against defendant Kohler Co. Pension Plan ("Kohler Plan") to recover disability benefits that he claims are owed to him under a pension plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").  Mr. Jones and the Kohler Plan have filed their briefs on this issue, and this matter is ripe for decision (Dkt. Nos. 12; 13).  For the following reasons, the Court finds that the plan administrator did not abuse its discretion in denying Mr. Jones's application for disability benefits, and the Court dismisses with prejudice Mr. Jones's claim.

**I.      Background**

Mr. Jones worked for Kohler for 17 years at its facility in Searcy, Arkansas (Dkt. No. 12, at 2).  During his employment, he was diagnosed with a heart murmur, narcolepsy, chronic paresthesia in his arms and hands, degenerative disk disease, and bilateral osteoarthritis in his knees (Dkt. No. 12, at 2).  He ceased working because of his health problems on August 6, 2009, when he was 43 years old (Dkt. No. 13, at 8-9).  On August 7, 2009, Mr. Jones applied for disability insurance benefits from the Social Security Administration, and his application was granted on November 5, 2010 (Dkt. No. 12, at 2).

At all relevant times for the purposes of this action, Kohler maintained an employee benefit plan that is governed by ERISA (Dkt. No. 12, at 1; No. 13, at 4).  In 2013, after turning

45, Mr. Jones submitted an application for disability pension benefits under the Kohler Plan (Dkt. No. 13, at 9-10). A copy of the Social Security Administration's Notice of Decision, which found that Mr. Jones had been disabled since August 6, 2009, was attached to Mr. Jones' application. The plan administrator denied Mr. Jones claim, finding that he did not qualify for disability benefits under the Kohler Plan because his "employment records indicate that his active service ended January 4, 2010 at age 43 years, 5 months" and that the Kohler Plan only provides "Disability Retirement Benefits to participants that terminated employment with the company due to a Disability incurred after reaching age 45" (Dkt. No. 13, at 10). Mr. Jones appealed the plan administrator's decision, arguing that the Kohler Plan did not restrict eligibility to only those who become disabled after reaching 45 years of age (Dkt. No. 13, at 11). The plan administrator denied the appeal, and Mr. Jones filed this action (Dkt. No. 13, at 12-13).

## II.     Standard Of Review

For ERISA purposes, Mr. Jones's claim is analyzed as a claim for a disability benefit, rather than as a pension benefit. ERISA treats a disability retirement benefit as part of an employee welfare benefit plan, rather than a pension plan, because the disability retirement benefit provides benefits "in the event of. . . disability." 29 U.S.C. §1002(1). *See also Edwards v. Briggs and Stratton Retirement Plan*, 639 F.3d 355 (7th Cir. 2011); *Rombach v. Nestle USA, Inc.*, 211 F.3d 190, 193 (2nd Cir. 2000).

ERISA does not establish what standard of review courts should use for actions challenging benefit eligibility determinations. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989). However, the Supreme Court has established that courts should use "a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115. In cases where

the plan provides discretionary authority, courts review benefit determinations under the more deferential abuse of discretion standard. *Anderson v. U.S. Bancorp*, 484 F.3d 1027, 1032 (8th Cir. 2007). Mr. Jones and the Kohler Plan agree that the plan administrator's decision in this case should be reviewed under the abuse of discretion standard (Dkt. No. 12, at 6; No. 13, at 16-17). Under the abuse of discretion standard, the Court must affirm the plan administrator's interpretation of the Kohler Plan unless it is arbitrary and capricious. *Midgett v. Wash. Group Int'l Long Term Disability Plan*, 561 F.3d 887, 896 – 97 (8th Cir. 2009).

To determine whether a plan administrator's decision was arbitrary and capricious, the court examines whether the decision was "reasonable." *King,* 414 F.3d at 998–99. Any reasonable decision will stand, even if the court would interpret the language differently as an original matter. *Id.; see also Rutledge v. Liberty Life Assurance Co.,* 481 F.3d 655, 659 (8th Cir. 2007) ("[W]e must affirm if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision."); *Midgett,* 561 F.3d at 897. However, this standard does not apply if the plan administrator has committed "a serious procedural irregularity" causing "a serious breach of the plan administrator's fiduciary duty to the claimant," in which case the court applies a less deferential standard of review. *Pralutsky v. Metro. Life Ins. Co.,* 435 F.3d 833, 837 (8th Cir. 2006) (internal citations omitted).

In his complaint, Mr. Jones alleges that, because the decision not to pay benefits was made by the same entity responsible for paying those benefits, there is an inherent conflict of interest in connection with the decision-making activities (Dkt. No. 1, ¶ 16). A conflict of interest exists when a plan administrator holds the dual role of evaluating and paying benefits claims, such as when the employer both determines eligibility for benefits and pays the benefits. *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 113–15 (2008). If such a conflict exists, then a

3

reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits. The significance of this factor depends on the circumstances of the particular case. *Id.* at 115–19. When an insurer has a history of biased claims administration, the conflict "may be given substantial weight." *Id.* at 117. When an insurer has taken steps to reduce the risk that the conflict will affect eligibility determinations, the conflict "should be given much less weight." *Id.*; *see also Whitley v. Standard Ins. Co.*, 815 F.3d 1134, 1140 (8th Cir. 2016) ("An insurer's structural conflict of interest should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy.") (internal quotation marks omitted).

Although Mr. Jones does not argue this point in his brief, Kohler addresses it. As an initial matter, the record contains no evidence of biased claims administration. Kohler explains that the plan administrator, Kohler, makes the benefits decisions but that a different entity, a fund Kohler makes non-reversionary payments to according to generally accepted accounting principles, makes benefits payments (Dkt. Nos. 13, at 25; 14, ¶ 6). Further, Kohler submits the Declaration of Daniel J. Velicer, plan administrator (Dkt. No. 14). Mr. Velicer's statements confirm that Kohler has taken action to wall off the plan administrator from those interested in firm finances. He confirms that he is not rewarded monetarily or otherwise, and that he is not evaluated, based on claims he grants or denies or on the basis of any savings that may result from the denial of such claims (Dkt. No. 14, ¶¶ 7, 8). Kohler argues that, to the extent this type of plan structure creates any conflict of interest on the part of the plan administrator, that conflict should be deemed of such little importance to recede "to the vanishing point." *See Glenn*, 554 U.S. at 117–118. Further, to the extent a structural conflict of interest can even be said to exist

4

on these facts, the standard of review remains the deferential arbitrary and capricious standard of review. *Glenn*, 554 U.S. at 115; *Wakkinen v. UNUM Life Ins. Co.*, 531 F.3d 575, 581 (8th Cir. 2008).

### III. Discussion

A plaintiff suing for benefits under ERISA bears the burden of establishing that he is entitled to benefits. *See Farley v. Benefit Trust Life Ins. Co.*, 979 F.2d 653, 658 (8th Cir. 1992). The parties do not appear to dispute four key facts: (1) Mr. Jones is disabled; (2) before becoming disabled, he had completed more than 10 years of service for Kohler; (3) he became disabled before turning 45; and (4) he applied for disability benefits under the Kohler Plan after turning 45. The plan administrator found that Mr. Jones did not qualify for disability benefits under the Kohler Plan because it interpreted the Kohler Plan as restricting eligibility for benefits to those who became disabled after turning 45. Mr. Jones argues that this interpretation constitutes an abuse of discretion for two reasons.

#### A. The Summary Plan Description

Mr. Jones bases his first argument on the Kohler Plan's summary plan description ("SPD"). The relevant section of the SPD provides:

> You are considered totally and permanently disabled if, after your disabling illness or injury has continued for at least six months, and you are unable to perform any occupation or employment for remuneration or profit.
>
> If your disability occurs after you have completed 10 years of vesting service and you have reached the age of 45, you may be eligible for a disability retirement benefit. This benefit is figured the same as a normal retirement benefit based on your years of benefit service and the benefit level in effect at the time you have met the disability requirements and elect disability retirement.

(Dkt. No. 12, at 4); *see also* Admin. R. 115. Mr. Jones argues that the SPD does not limit eligibility for disability benefits based on the age that the employee became disabled and that, to

5

the extent that the SPD conflicts with actual Kohler Plan, the SPD prevails and controls.  He also argues that the SPD is ambiguous and that the plan administrator's denial of benefits on the basis of his age was irrational because he "was disabled on the date he applied for benefits and he had vested service of 10 years and had attained the age of 45 years" (Dkt. No. 12, at 6).

### 1. Statements In The SPD As Plan Terms

The Court rejects Mr. Jones's arguments based on the SPD because statements made in summary documents about the plan do not qualify as plan terms.  *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011) ("For these reasons taken together we conclude that the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B).").  While the Eighth Circuit Court of Appeals has held in the past that SPDs are considered part of ERISA plan documents, *see Barker v. Ceridian Corp.*, 122 F.3d 628, 633 (8th Cir. 1997); *Jensen v. SIPCO, Inc.*, 38 F.3d 945, 949 (8th Cir. 1994), these decisions are inconsistent with clear Supreme Court precedent, *CIGNA Corp.*, 563 U.S. at 438; *see also US Airways, Inc. v. McCutchen*, 133 S. Ct. 1537, 1543 n.1 (2013) (reaffirming that statements made in SPDs are not terms of the plan).  Therefore, to the extent that Mr. Jones is arguing that the plan administrator's decision was an abuse of discretion because it contradicted statements made in the SPD, his argument fails.

### 2. Ambiguity

Even if statements made in the SPD qualified as plan terms, the administrator's interpretation of the SPD was not unreasonable.  The plan administrator interpreted the Kohler Plan to mean that eligibility for benefits under the Kohler Plan was limited to those who became disabled after working for 10 years and turning 45.  Mr. Jones claims that the age requirement in

the SPD is ambiguous "because it leads an ordinary person to believe that if the Petitioner had the number of years of vested service and he elects disability retirement after he reaches the qualifying age of 45 years then he would be eligible to disability retirement" (Dkt. No. 12, at 4).  Mr. Jones argues that, because the age requirement in the SPD was open to multiple interpretations, the plan administrator's interpretation should be treated as an abuse of discretion.

Under the abuse of discretion standard, the Court considers whether the plan administrator's "interpretation of the plan was reasonable, and whether its decision was supported by substantial evidence." *Pralutsky*, 435 F.3d at 838.  The Court will not "substitute [its] own weighing of the evidence for that of the administrator[,]" meaning that if the plan administrator's "decision is supported by a reasonable explanation, it should not be disturbed, even though a different reasonable interpretation could have been made." *Farley v. Arkansas Blue Cross & Blue Shield,* 147 F.3d 774, 777 (8th Cir. 1998); *Cash v. Wal–Mart Group Health Plan,* 107 F.3d 637, 641 (8th Cir. 1997).  In determining whether a plan administrator's interpretation of a plan term was reasonable, the Court must "consider whether the 'administrator's interpretation (1) is consistent with the plan's goals; (2) renders any of the plan language meaningless or internally inconsistent; (3) conflicts with the substantive or procedural requirements of ERISA; (4) has been followed similarly in the past; and (5) is contrary to the clear language of the policy.'" *Kutten v. Sun Life Assur. Co. of Canada*, 759 F.3d 942, 944 (8th Cir. 2014) (quoting *Khoury v. Grp. Health Plan, Inc.,* 615 F.3d 946, 954 (8th Cir. 2010)). However, while these factors inform the Court's analysis, "'[t]he dispositive principle remains . . . that where plan fiduciaries have offered a 'reasonable interpretation' of disputed provisions, courts may not replace [it] with an interpretation of their own—and therefore cannot disturb as an 'abuse of discretion' the challenged benefits determination.'" *Kutten*, 759 F.3d at 944

(alterations in original) (quoting *King v. Hartford Life & Acc. Ins. Co.*, 414 F.3d 994, 999 (8th Cir. 2005)).

Mr. Jones did not include any argument relating to these factors in his brief and failed to present any evidence demonstrating that the plan administrator's interpretation of the Kohler Plan was inconsistent with plan goals, conflicted with the substantive or procedural requirements of ERISA, or had not been followed similarly in the past. As Mr. Jones has the burden of proving that he is entitled to benefits under the Kohler Plan, the Court finds that these three factors weigh against his argument that the plan administrator abused its discretion.[1] *Farley v. Benefit Trust Life Ins. Co.*, 979 F.2d 653, 658 (8th Cir. 1992).

Mr. Jones does argue that the plan administrator's interpretation of the SPD is inconsistent with plan language and is contrary to the clear language of the policy. The SPD provides that, "[i]f your disability occurs after you have completed 10 years of vesting service and you have reached the age of 45, you may be eligible for a disability retirement benefit" (Dkt. No. 12, at 4). Kohler interprets this language of the Kohler Plan to limit eligibility for benefits to those who become disabled after they have completed 10 years of vesting service and reached the age of 45. Mr. Jones argues that this interpretation is inconsistent with the SPD language because the SPD "leads an ordinary person to believe that if the Petitioner had the number of years of vested service and he *elects disability retirement* after he reaches the qualifying age of 45 years then he would be eligible to disability retirement" (Dkt. No. 12, at 4) (emphasis added).

The Court finds that Kohler's interpretation is not inconsistent with the language of the SPD nor does it contradict the clear language of the policy. The fifth factor that the Court must consider, whether the administrator's interpretation is contrary to the clear language of the policy, plainly

---

[1] Kohler includes argument on these points in its briefing (Dkt. No. 13; at 17-18). Absent any retort from Mr. Jones, these arguments are persuasive and provide additional support for the Court's finding that these factors weigh against Mr. Jones.

weighs in favor of Kohler. Mr. Jones' entire argument appears premised on his claim that the language in the SPD is not clear (Dkt. No. 12, at 4) ("The summary plan is ambiguous. . . ."). Therefore, the fifth factor weighs against Mr. Jones.

The Court also finds that the plan administrator's interpretation of the age requirement is not inconsistent with the language of in the SPD nor does it render it meaningless. At most, there could be a difference of opinion as to the SPD's age requirement. Where there is a difference of opinion, and the plan administrator offers "a 'reasonable interpretation' of disputed provisions, courts may not replace [it] with an interpretation of their own." *Kutten*, 759 F.3d at 946 (quoting *King*, 414 F.3d at 999).

After reviewing all of the relevant factors, and in the light of the dispositive principal that where a plan administrator has offered a reasonable interpretation of a disputed provision, a court may not replace it with an interpretation of its own, the Court finds that the plan administrator's interpretation of the Kohler Plan's age requirement and eligibility for benefits was not an abuse of discretion.

### B. Ambiguity In The Plan's Terms

Mr. Jones also argues that the terms of the pension plan itself are ambiguous, and this ambiguity should be construed against Kohler (Dkt. No. 12, at 6-9). Relying on a case from the Eleventh Circuit Court of Appeals, Mr. Jones argues that the Court should apply the rule of *contra proferentum*, meaning any ambiguity in the plan must be "construed against the drafter of the document, and a claimant's reasonable interpretation is viewed as correct" (Dkt. No. 12, at 7); *Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547 (11th Cir. 1994).

The Court rejects Mr. Jones's argument for two reasons. First, the rule of *contra proferentum* is preempted by ERISA and does not apply in this case. *See Brewer v. Lincoln Nat. Life Ins. Co.*, 921 F.2d 150, 153 (8th Cir. 1990). Second, even if the rule did apply, the Kohler

9

Plan's age requirement is not ambiguous. The Kohler Plan defines disability as "a total and permanent disability by bodily or mental injury or disease which prevents the member from engaging in any occupation or employment for remuneration or profit which first occurs after a Member both has completed ten years of Vesting Service and has attained his forty-fifth birthday" (Dkt. No. 12, at 7-8); *see also* Admin. R. 84. Mr. Jones argues that this definition of disability "is confusing and ambiguous because the term disability is usually not tied to an age, just a physical condition. There is more than one definition of disability and the Petitioner['s] understanding of the term disability should be based on a laymen's definition of the term Disability" (Dkt. No. 12, at 8).

The Kohler Plan's definition of disability is not ambiguous. It clearly states that the disability must first occur "after a Member both has completed ten years of Vesting Service and has attained his forty-fifth birthday" (Dkt. No. 12, at 8). Whether the definition of disability is normally tied to an age is irrelevant in this case; the Kohler Plan at issue provided a definition for disability that unambiguously included an age requirement. Based on the clear language of the policy, Mr. Jones did not qualify as being disabled for the purposes of the Kohler Plan because his disability occurred before he turned age 45.

The Court finds that the plan administrator's interpretation of the Kohler Plan was not an abuse of discretion. The plan administrator's interpretation of the Kohler Plan was reasonable under the relevant factors. *See Kutten*, 759 F.3d at 944. Further, the plan administrator reasonably applied its interpretation of the Kohler Plan to the facts, and the plan administrator's decision is supported by substantial evidence in the record. *See Cash*, 107 F.3d at 641.

**IV.    Conclusion**

The Court finds that the plan administrator did not abuse its discretion by determining that Mr. Jones was not entitled to disability benefits under the Kohler Plan because he became disabled before reaching the age of 45. Accordingly, Mr. Jones' claim is dismissed with prejudice.

So ordered this 1st day of December, 2016.

_____
Kristine G. Baker
United States District Judge